IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEROME HARRIS MITCHELL, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO: H-10-5167 |
| | § | |
| RICK THALER, | § | |
| Director of the Texas Department | § | |
| of Criminal Justice - Correctional | § | |
| Institutions Division, | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

This petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 has been referred to this magistrate judge for report and recommendation (Dkt. 3). The court ordered Mitchell to show cause why his petition should not be denied as time-barred (Dkt. 4). Mitchell has not responded to the court's show cause order. The court recommends the petition be denied with prejudice.

## Background

Mitchell challenges his 2003 conviction in the 178th District Court for Harris County, Texas for aggravated robbery. His conviction was affirmed on appeal, and his petition for discretionary review was refused on April 20, 2005. He did not file a petition for writ of certiorari with the United States Supreme Court.

Mitchell alleges he filed a state writ application August 30, 2010 that was dismissed on November 24, 2010.[1] This federal petition was filed on December 10, 2010.

---

[1] According to the Texas Court of Criminal Appeals website, Mitchell filed a state court application for writ of habeas corpus that was denied without written order on July 12,

**Analysis**

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under the AEDPA, a petition for habeas relief filed by a person in state custody is subject to a one-year period of limitations which runs from the latest of:

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Mitchell's conviction was final when his time for filing a petition for writ of certiorari in the United States Supreme Court expired in 2005. Absent tolling, his federal statute of limitations expired a year later. His first state court writ application was denied in July 2006. He did not file his second state writ application until 2010, long after the federal period had already expired. His second application does not extend the one year period established by § 2244(d)(1)(A). *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Mitchell has not established any basis for equitable tolling of the statute of limitation in this case.

---

   2006.  He does not mention this in his petition.

**Conclusion and Recommendation**

The court recommends that Mitchell's petition be denied with prejudice as time-barred.

The court further finds that Mitchell has not made a substantial showing that he was denied a constitutional right or that it is debatable whether this court is correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the court recommends that a certificate of appealability not issue.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas on February 3, 2011.

Stephen Wm. Smith
United States Magistrate Judge